Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343

*Attorneys for Plaintiff,*
*and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL SHAY, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>SNAP KITCHEN INVESTMENTS, LLC,<br><br>Defendant. | Case No: 25-CV-03570-BTM-GC<br><br>FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION, 47 U.S.C. § 227<br><br>JURY DEMAND<br><br>CLASS ACTION |

## CLASS ACTION COMPLAINT

1. Plaintiff DANIEL SHAY ("Plaintiff") brings this class action against Defendant SNAP KITCHEN INVESTMENTS, LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

2. The Supreme Court may have said it best: "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls (and texts). The Federal Government receives a staggering number of complaints about robocalls – 3.7 million complaints in 2019 alone." *Barr v. Am. Ass'n of Political Consultants* (2020) 140 S. Ct. 2335, 2343.

3. Telemarketing calls and texts are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991, 47 U.S.C. Section 227 ("TCPA").

4. Congress further passed the Do-Not-Call Implementation Act of 2003, 15 U.S.C. Chapter 87A § 6101 to allow people to register their phone numbers with the Federal Trade Commission.

5. The TCPA affords special protections for people who, like Plaintiff, are registered on the Do-Not-Call List.

6. The United States Court of Appeals for the Ninth Circuit held that "unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.,* 847 F.3d 1037, 1043 (9th Cir. 2016) (citations omitted) (emphasis in the original).

7. Receiving unwanted telemarketing communications is a problem most people face in this country. According to online robocall tracking service "YouMail," 4.95 billion robocalls & texts were placed in April 2025 alone, at a stunning rate of about 140 million per day.[1]

## NATURE OF THE ACTION

8. This is a putative class action brought pursuant to the TCPA.
9. To promote its goods and services, Defendant engages in telemarketing text messages to phone numbers on the Do-Not-Call list.
10. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct toward Plaintiff and the Class Members. Plaintiff also seeks statutory damages on behalf of himself and the Class Members, and any other available legal or equitable remedies.

## PARTIES

11. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of San Diego, California.
12. Defendant is a Texas limited liability company, with a registered office street address at 9330 United Drive, Suite 100, Austin, TX 78758.
13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successor, assigns, principals, trustees, sureties, representatives, vendors, and insurers of Defendant.

## JURISDICTION AND VENUE

14. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331, as the action arises under the TCPA, 47 U.S.C. § 227.
15. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was

[1] Robocall Complaint Statistics, ROBOCALL INDEX, www.robocallindex.com (last accessed December 11, 2025).

directed by Defendant to consumers in this District. Additionally, Plaintiff's telephone number has an area code that is assigned to San Diego, California.

**FACTS**

16. Many years ago, Plaintiff registered his cell phone number to the Do-Not-Call List, which forbids calls and texts messages without prior authorization.

17. On December 10, 2020, Plaintiff subscribed to Defendant's services. Plaintiff did not agree to receive marketing text messages, or any text messages. If Defendant were to have texted Plaintiff, he would have replied STOP and unsubscribed.

18. On January 11, 2021, approximately one month later, Plaintiff cancelled his subscription to Defendants services. Any business relationship between Plaintiff and Defendant was terminated at this point. Plaintiff has not inquired into Defendant's products of services since cancelling his subscription to Defendants products or services.

19. On December 3, 2025, Plaintiff received marketing messages from Defendant who used the number 855-676-1142.

20. The marketing messages, which were solicitations, are depicted below:



21. Defendant sent more than one message to Plaintiff because Defendant sent Plaintiff two messages: (i) a visual advertisement (a picture) and (ii) a text message. The picture is a message, and the text message is also a message.

22. Plaintiff confirmed, by following the link provided, that Defendant sent the marketing messages.

23. As demonstrated by the above screenshot, the purpose of the messages Defendant sent were to advertise, promote, and/or market Defendant's property, goods, and/or services.

24. Defendant did not have an established business relationship with Plaintiff because Plaintiff and Defendant had not communicated within the eighteen (18) months immediately preceding the marketing messages. *See* 47 C.F.R. § 64.1200(f)(5).

25. Plaintiff did not provide consent at any point to receive marketing text messages.

26. Plaintiff is the regular user of the telephone number that received the above solicitation(s).

27. The number that Defendant texted is Plaintiff's cell phone, which is Plaintiff's primary means of his residential communications and reaching Plaintiff at home. Plaintiff utilizes his cell phone primarily for personal purposes.

28. Upon information and belief, Defendant maintains or has access to outbound transmission reports for all text messages it sent that advertise or promote its services. These reports would show dates, times, target telephone numbers, and the content of each call or message sent to Plaintiff and Class members.

**STANDING**

29. Standing is proper under Article III of the Constitution of the United States because Plaintiff's claims state (1) a valid injury in fact, (2) which is traceable to the conduct of Defendant, and (3) is likely to be redressed by a favorable judicial decision. *See Spokeo, Inc. v. Robins* (2016) 136 S.Ct. 1540, 1547; *see also Van Patten v. Vertical Fitness Grp.,* 847 F.3d at 1043 (applying *Spokeo* to litigation brought under the TCPA for purposes of establishing Article III standing).

## CLASS ALLEGATIONS

30. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. The class that Plaintiff seeks to represent ("Class") is defined as:

> All persons in the United States who from four years prior to the filing of their action through the date of class certification, who listed their phone number on the Do-Not-Call List, were contacted by Defendant or anyone acting on Defendant's behalf.

31. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

32. Defendant and its employees or agents are excluded from the Class.

## NUMEROSITY

33. Upon information and belief, Plaintiff believes the number of members in the Class are more than one hundred individuals. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

34. The exact number and identities of Class Members are unknown at this time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

35. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    a. Whether Defendant initiated solicitation text messages to people who listed their phone numbers with the Do-Not-Call List.

    b. Whether Defendant initiated solicitation text messages to persons who had previously revoked their prior express consent.

    c. Whether Defendant established a legally sufficient opt-out procedure for people who initially agreed to be contacted by Defendant.

d. Whether Defendant is liable for damages, and the amount of such damages.

36. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely contacts people whose number is listed with the Do-Not-Call List, Plaintiff and Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

37. Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF CLASS MEMBERS**

38. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

39. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

40. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be

dispositive of the interests of the Class, although certain Class members are not parties to such actions.

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF 47 U.S.C. Section 227 et seq. AND 64.1200(c)**

**(On Behalf of Plaintiff and the Class)**

41. Plaintiff re-alleges and incorporates the allegations set forth above as if fully set forth herein.

42. The foregoing acts and omissions of Defendant constitute multiple negligent and/or intentional violations of the TCPA, specifically 47 U.S.C Section 227(c) implementing regulation 47 C.F.R. Section 64.1200(c).

43. 47 C.F.R. Section 64.1200(c) provides that no entity shall initiate any telephone solicitation to a residential telephone subscriber who has been registered on the national do-not-call registry. *See* 47 C.F.R. Section 64.1200(c).

44. Defendant is an entity within the meaning of 47 C.F.R. Section 64.1200(c) or (e).

45. Plaintiff is an individual protected by 47 C.F.R. Section 64.1200(a).

46. Defendant violated 47 C.F.R. Section 64.1200(c) by initiating telephone solicitations to telephone subscribers, such as Plaintiff and Class members, who registered their telephone numbers on the National Do-Not-Call Registry.

47. Defendant violated 47 C.F.R. Section 64.1200(c) because Plaintiff and Class members received more than one message in a 12-month period.

48. As a result of Defendant's negligent violations of the law, Plaintiff and each member of the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(c)(5).

49. As a result of Defendant's knowing or willful violations of the law, Plaintiff and each member of the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(c)(5).

50. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court to grant Plaintiff and Class members the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Representative of the Classes; and
- Appoint Plaintiff's Counsel as Counsel of the Classes.

51. In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendant:
    a. An award of statutory damages for Plaintiff and each Class member as applicable under the TCPA;
    b. An order declaring that Defendant's actions, as outlined above, violates the TCPA;
    c. An award of attorney's fees, costs, and interest as allowed by applicable law; and,
    d. Any other relief the Court may deem just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

## JURY DEMAND

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demand, a trial by jury.

Date: April 6, 2026

**SWIGART LAW GROUP, APC**

By: *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com

Attorneys for Plaintiff and the Class